UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                          CASE NO.: 21-CR-28 (APM)

KELLY MEGGS
    Defendant.
_____/

## DEFENDANT'S MOTION FOR RECONSIDERATION

COMES NOW the defendant, KELLY MEGGS, by and through undersigned counsel and files this Motion for Reconsideration of the Court's Order of Detention and in support of this request states:

1.    As the Court is aware, Mr. Meggs is charged with several offenses related to crimes allegedly committed at the U.S. Capitol in Washington, D.C, on Wednesday, Jan. 6, 2021.  These offenses include conspiracy against the United States government in violation of Title 18 U.S.C. § 371; Destruction of Government Property in violation of Title 18 U.S.C. § 1361; Obstruction of an Official Proceeding in violation of Title 18 U.S.C. § 1512(c)(2) and Entering and Remaining in a Restricted Building or Grounds Access in contravention of Title 18 U.S.C. § 1752(a)(1).  (Doc. 77)

2.    Mr. Meggs filed his motion seeking pretrial release by the Court.

3.    In its response in opposition to Mr. Meggs' motion, as well as during the hearing, the government forcefully alleged that Mr. Meggs obstructed justice by destroying or otherwise disposing of evidence, specifically, items worn by himself and his wife, Connie Meggs, on January 6th 2021 while on the Capitol grounds and inside. Doc. 106

4.    The government based this allegation on a text message conversation about a prior automobile accident during which Mrs. Meggs texted to her husband "should have had your gear on hero LOL" to which he flippantly responded "I lost it all in a boating accident." Doc. 106.

5.    To support its conclusion this exchange evidenced the destruction of evidence by Mr. Meggs, the government alleged that none of the items were located by the F.B.I. during its search of the Meggs' residence.

6.    It should be noted that Mr. Meggs consented to a voluntary interrogation by the agents when he was arrested at his home.

7.    During the questioning, Mr. Meggs was asked what equipment he had when he went "in," (presumably the Capitol) to which Mr. Meggs freely stated "we had plate carriers and bump helmets. That's it." Yet, despite the fact that the F.B.I. agents were questioning Mr. Meggs at very the location they were searching, they did not ask him the basic question of where the items were located.

8.    In its filing in opposition to Mr. Meggs' motion seeking pretrial release, the government specifically represented to the Court the following:

> When the FBI searched the defendants' residence in Dunnellon, Florida, on February 17, 2021, the FBI did not locate the clothing or paraphernalia that either defendant was wearing during the attack on the Capitol on January 6, 2021. That includes, for Defendant Kelly Meggs, his camouflage helmet, neck gaiter, Oath Keepers t-shirt, or plate carrier with "Oath Keepers" patches; and for Defendant Connie Meggs, her camouflage helmet, Oath Keepers hat, or Oath Keepers t-shirt.

Doc. 106

9.    During the hearing and in announcing its ruling that Mr. Meggs should remain detained, the Court appeared especially troubled by the government's representations that Mr. Meggs had destroyed evidence, so much so that it seemed to give great weight to this information

in assessing Mr. Meggs' risk factors.

10. Mrs. Connie Meggs likewise had a detention hearing entertained by the Court on the same day as that of her husband, albeit at an earlier time, after which she was ordered released.

11. The following day the undersigned discussed with Mrs. Meggs the allegations that Mr. Meggs had destroyed the items worn by them on January 6th. The undersigned was informed that the items were, in fact, still at the residence and had not been destroyed or otherwise concealed from law enforcement.

12. The undesigned requested the items be assembled and photographed, which was done, and the photos furnished to the undersigned, a copy of each of the clothing worn by Mr. and Mrs. Meggs on January 6th and the tactical gear alleged to have been destroyed are attached hereto as exhibits. Should the government wish the items be provided to the agents, the undersigned is prepared to facilitate that.

13. It appears that the government agents in conducting the search of the Meggs' residence simply overlooked the items alleged to have been destroyed and, despite not locating them, failed to even ask the defendants where they were located.

14. Because this new information directly contradicts the allegation of obstructionist conduct by Mr. Meggs, it is respectfully requested that the Court revisit its factual findings and decision to deny Mr. Meggs pretrial release.

## MEMORANDUM OF LAW

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir.

2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); *United States v. Mendez*, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a list of its potential witnesses at trial); *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C. D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007) (ruling on a reconsideration motion regarding an order denying a motion to suppress). "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *Mendez*, 2008 WL 2561962, at *2 (citing *Hector*, 368 F. Supp. 2d at 1063, and *Fiorelli*, 337 F.3d at 286). In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. See id. (applying the standard governing Rule 60(b)); *Hector*, 368 F. Supp. 2d at 1063 (analyzing a reconsideration motion as a Rule 59(e) motion). Federal Rule of Criminal Procedure 57(b), "Procedure When There is No Controlling Law," states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Therefore, Rule 59(e) of the Federal Rules of Civil Procedure authorizes the filing of motions to alter or amend a judgment.

Based on the Court's inherent discretion as outlined above, it is asked the Court revisit its prior finding that there exist no release conditions this Court can impose on Mr. Meggs sufficient to rebut any presumption he may pose a serious risk of flight or danger to the community and order him released on significant conditions.

The undersigned has conferred with Assistant United States Attorney Jeffrey Nestler, Esq., who asserts the government's position is that Mr. Meggs should remain detained.

RESPECTFULLY SUBMITTED,

/s/ David Anthony Wilson
DAVID ANTHONY WILSON
201 S.W. 2nd Street, Suite 101
Ocala, FL 34471
(352) 629-4466
david@dwilsonlaw.com
Trial Attorney for Defendant
D.C. Bar ID: FL0073

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Office of the United States Attorney.

/s/ David Anthony Wilson
DAVID ANTHONY WILSON