UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                                          CASE NO.: 21-CR-28 (APM)

KELLY MEGGS
    Defendant.
_____/

**DEFENDANT KELLY MEGGS' MOTION
FOR SEVERANCE OF DEFENDANT JESSICA WATKINS**

COMES NOW the defendant, KELLY MEGGS, by and through undersigned counsel and files this, his MOTION FOR SEVERANCE OF DEFENDANT JESSICA WATKINS, pursuant to Fed. R. Crim. P. 14(a), and as grounds therefore would show:

1. The defendant, together with co-defendant Jessica Watkins, among others, is charged with conspiracy, obstructing a government proceeding, destroying government property and entering restricted grounds. Doc 196.

2. Both Meggs and Watkins are detained and are tentatively scheduled for a jury trial to commence in February of 2022. Doc. 289.

3. A review of the discovery and other sources of information received reveals that Watkins made recorded statements on January $6^{th,}$ 2020, while walking to the Capitol, during which she participating in a Zello "Stop the Steal J6" channel broadcast in which Mr. Meggs was not participant.

4. Among the statements allegedly attributed to Ms. Watkins during this broadcast were: "Alright brother, we are boots on the ground we are moving on the Capitol now, I'll give you a boots on the ground update here in a few" and "We have a good group. We have about 30-

40 of us. We are sticking together and sticking to the plan."

5. During the broadcast Ms. Watkins interacts with unknown persons, one of whom states, *inter alia*, "This is what we [*expletive*] trained for." Ms. Watkins does not elaborate as to the details of the "plan" about which she spoke or with whom she made this plan.

6. Presumably the government would seek to introduce at trial either the recording itself or witness testimony as to the statements attributed to Ms. Watkins, which, if they are tried together, would implicitly incriminate Mr. Meggs.

7. Should Ms. Watkins decline to testify at a joint trial with Mr. Meggs, he would be unable to cross examine her regarding the statements, which would result in significant prejudice to Mr. Meggs in the defense of his case.

8. Furthermore, because Mr. Meggs would presumably be unable to cross-examine Ms. Watkins regarding the incriminating statements made by her, Meggs' Constitutional right of confrontation would be violated.

9. Mr. Meggs likewise believes that any limiting instruction given to the jury by the Court would be insufficient to overcome the prejudice the admission of Watkins' statements would inflict on him.

10. The undersigned has consulted with Assistant United States Attorney Jeffrey Nestler who objects to the relief requested herein.

WHEREFORE the defendant, KELLY MEGGS, respectfully requests this Honorable Court grant this motion and enter its Order severing the trial of himself from that of co-defendant Watkins.

## **MEMORANDUM OF LAW**

Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Interpreting Rule 14(a), courts hold "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, the United States Supreme Court held that a defendant's rights under the Confrontation Clause of the Sixth Amendment were violated by the admission, at a joint trial, of the confession of a codefendant who did not take the stand.  The Court likewise made it clear that a limiting instruction by the district judge will not eliminate the prejudicial effect of the introduction of a non-testifying co-defendant's inculpatory statement*. Richardson v. Marsh*, 481 U.S. 200, 208-09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).

Admitting the incriminating statements made by co-defendant Watkins while she is joined in this case would violate the movant's Sixth-Amendment right "to be confronted with the witnesses against him" because Ms. Watkins would have the right to not testify. U.S. Const. Amend. VI; *Bruton v. United States*, 391 U.S. 123 (1968).

The defendant is mindful the government may contend the statements made by Ms. Watkins constitute admissible co-conspirator statements. Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, statements that would otherwise be hearsay are admissible if they are "by a co-

conspirator of a party during the course and in furtherance of the conspiracy." For a declaration by one defendant to be admissible against other defendants under this subsection of Rule 801, the Government <u>must</u> establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of that conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy. *United States v. Van Hemelryck*, 945 F.2d 1493, 1497-98 (11th Cir. 1991). The Government is required to satisfy this burden before such out-of-court statements by a co-conspirator are admissible because out-of-court statements are generally presumed to be unreliable, unless such presumption is adequately rebutted by sufficient proof. *See Bourjaily v. United States*, 483 U.S. 171, 179 (1987).

While the defendant concedes the *admissibility* of the statements against co-defendants other than Watkins would ordinarily be the subject of a pre-trial motion in limine, the extreme prejudice of admitting them into evidence during the trial of Mr Meggs should instead be the basis for a severance.

Based on the above identified facts and case law, the introduction of jointly incriminating statements by the non-testifying co-defendant at trial would substantially violate the rights of Mr. Meggs, resulting in significant and incalculable prejudice to his defense.

DATED this 4th day of August, 2021.

RESPECTFULLY SUBMITTED,

/s/ David Anthony Wilson
DAVID ANTHONY WILSON
201 S.W. 2nd Street, Suite 101
Ocala, FL 34471
(352) 629-4466
david@dwilsonlaw.com
Trial Attorney for Defendant
D.C. Bar ID: FL0073

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4th, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Office of the United States Attorney.

/s/ David Anthony Wilson
DAVID ANTHONY WILSON