UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                        CASE NO.: 21-CR-128 (APM)

KELLY MEGGS
    Defendant.
_____/

## DEFENDANT'S SECOND RENEWED REQUEST
## FOR PRETRIAL RELEASE

COMES NOW the defendant, KELLY MEGGS, by and through undersigned counsel and files this Second Renewed Request for Pretrial Release and as grounds in support of this request states:

1. Mrs. Meggs is charged by a second superseding indictment with several offenses related to crimes allegedly committed at the U.S. Capitol in Washington, D.C, on Wednesday, Jan. 6, 2021.  These offenses include conspiracy against the United States government in violation of Title 18 U.S.C. § 371; Destruction of Government Property in violation of Title 18 U.S.C. § 1361; Obstruction of an Official Proceeding in violation of Title 18 U.S.C. § 1512(c)(2) and Entering and Remaining in a Restricted Building or Grounds Access in contravention of Title 18 U.S.C. § 1752(a)(1) and Tampering with Documents or Proceedings per Title 18 U.S.C. § 1512(c)(1). (Doc. 328)

2. Mr. Meggs was taken into custody without incident on February 17th, 2021 in the Middle District of Florida, and has now remained in federal custody for more than six months.

3. Mr. Meggs previously sought pretrial release, which efforts were denied.  For the purpose of brevity, the arguments and representations of that motion (Doc. 82) are incorporated

herein by reference.

4. Based on the information developed since the prior detention hearings, it is respectfully requested that the defendant be granted pre-trial release on terms and conditions to which the Court may be amenable which would insure his appearance at all required court proceedings and protect the community from whatever danger the Court believes he may pose.

5. Among the revelations that have come to the attention of the Court and counsel for the defendants is the sheer magnitude of the discovery that has yet to be disclosed to the defense, through no apparent fault of the government, and the government's representation that the "investigation is ongoing" and cannot rule out the filing of successive superseding indictments and adding additional defendants.

6. While the Court has set a trial date for the detained defendants of January 31st, 2021, the stark reality is that neither the government nor defense will be prepared to commence the trial on that date, which would result in Mr. Meggs being denied liberty for more than one year. The effect of this is that Mr. Meggs is being held in indefinite pre-trial detention which, under the circumstances, is tantamount to a human rights violation.

7. Since the last hearing on Mr. Meggs' pretrial release, no evidence, either photographic, video or testimonial, has emerged that suggests that he engaged in any violent or threatening actions with respect to law enforcement officers or damaged any government property during the approximately 20 minutes he was inside the Capitol.

8. To the contrary, evidence HAS emerged that the sole interaction between he and any law enforcement officer supports Meggs' prior contention that he assisted a U.S. Capitol Police Officer that he perceived to be at risk and was engaged to assist in guarding a stairwell

leading down to an area in which other Capitol police officers were being de-contaminated.

9. Evidence has also emerged that show other members of the Oath Keepers who are not part of the instant indictment were, in fact, recruited by a U.S. Capitol Police Officer to assist other officers who were being overwhelmed by rioters who were engaging in violent conduct. These Oath Keepers entered the Capitol and escorted the officers through the crown and out of the building.

10. It should be noted that there have been numerous defendants charged with (and videotaped) committing actual acts of violence against U.S. Capitol and Metropolitan Police Officers that HAVE been granted pre-trial release.

11. The actions of Mr. Meggs are not consistent with those of someone who poses a danger to the community or espouses the views of an "extremist organization" as the Oath Keepers have been labeled.

12. Should he be released on bail, Mr. Meggs is prepared to appear either via video conference or personally at his own expense in the District of Columbia as the Court may require.

## CONCLUSION

Based on the above facts and subsequent legal analysis, Mr. Meggs respectfully requests this court grant this request for pre-trial release and impose any combination of conditions sufficient to satisfy the court that any perceived risk of non-appearance he may pose would be substantially mitigated and any danger to the community eliminated.

## **MEMORANDUM OF LAW**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739 (1987).

The federal bail reform provisions, found in 18 U.S.C. § 3142 of the Bail Reform Act, (the "Act") provide the court with four options for setting bail matters before it. These options are:

(1) release the defendant on personal recognizance or unsecured bond;
(2) release the defendant on conditions;
(3) temporarily detain the defendant to permit revocation of conditional release, deportation or exclusion; or
(4) detain the defendant.

Section 3142(g) of the Act sets forth the factors the judicial officer shall consider in making the determination whether to release a person charged with an offense:

(1)  the nature and circumstances of the offense charged;

(2)  the weight of the evidence;

(3)  the history and characteristics of the person including:

> (a) the defendant's character;
> (b) physical and mental condition;
> (c) family ties;
> (d) employment;
> (e) financial resources;
> (f) length of residence in the community;
> (g) community ties;
> (h) past conduct;
> (i) history relating to drug or alcohol abuse;
> (j) criminal history;
> (k) record of appearance at court proceedings;
> (l) whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and
> (m) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Title 18 U.S.C. § 3142(b) mandates pretrial release ("shall order the pretrial release") on personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." The Act emphasizes release on personal recognizance or an

unsecured appearance bond; however, the court may also consider whether ensuring the safety of the community warrants detention. *See United States v. Williams*, 753 F.2d 329 (4th Cir. 1985); *United States v. Harris*, 732 F. Supp. 1027 (N.D. Cal. 1990).

Beyond the Bail Reform Act, the International Commission on Human Rights Article 9, paragraph 3, of the International Covenant on Civil and Political Rights (ICCPR) stipulates: "Anyone arrested or detained on a criminal charge shall be brought promptly before a judge or other officer authorized by law to exercise judicial power and shall be entitled to trial within a reasonable time or to release. It shall not be the general rule that persons awaiting trial shall be detained in custody, but release may be subject to guarantees to appear for trial." "Prolonged pre-trial detention without bail is thus incompatible with Article 9 and requires specific justification and periodic review." de Zayas, A., Human Rights and Indefinite Detention. *International Review of the Red Cross,* Vol. 87 No. 857 March 2005. https://www.icrc.org/en/doc/assets/files/other/irrc_857_zayas.pdf.  It is the position of the movant that continued indefinite detention of Mr. Meggs, under the circumstances, constitute a serious encroachment on his human and civil rights.

As stated in his previously filed motion for bond (Doc. 82) Mr. Meggs alleged a good faith belief that video evidence would support his statement to investigators that he, in fact, placed himself in harm's way to protect a law enforcement officer from a threatening crowd.  While the government has not, to the best knowledge of the undersigned, disclosed video of the encounter between the Capitol Police Officer and himself, statements which have since been disclosed and media interviews by the officer seem to support Mr. Meggs' contention.

The prosecution bears the ultimate burden of establishing that no series of conditions is

sufficient to negate the risk of the accused's flight or dangerousness—by a preponderance of the evidence in the case of flight and by clear and convincing evidence in the case of dangerousness. *United States v. English,* 929 F.3d 311, 319 (2d Cir. 2011); *see also Stone*, 608 F.3d at 946; *United States v. Bell*, 209 F. Supp. 3d 275, 277 (D.D.C. 2016) (*citing, United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987)); *United States v. Rodriguez*, 147 F. Supp. 3d 1278, 1286 (D. N.Mex. 2015); *United States v. Guerra-Hernandez*, 88 F. Supp. 3d 25, 26 (D.P.R. 2015).

Clear and convincing evidence means proof that the particular defendant actually poses a danger to the community, not that a defendant "in theory" poses a danger. *United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1991). Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. *Ploof*, 851 F.2d 7. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988). Mr. Meggs has no criminal history and there is zero proof that he engaged in any criminal activity after June 6th, 2021, up until being taken into custody on February 17th.

If the Court determines that personal recognizance or an unsecured bond will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. § 3142(c) still mandates release ("shall order the pretrial release") subject to certain specified conditions. The conditions, which must include that the person not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. *See United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990)*; United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert.*

*denied*, 479 U.S. 950 (1986). It requires an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Id.* Imposition of conditions of release must be supported by reasons why they are necessary to reasonably assure appearance or safety. *United States v. Spilotro*, 786 F.2d 808 (8th Cir. 1986).

Should the Court determine that this matter is subject to the rebuttable presumption of detention pursuant to Title 18 U.S.C. §3142, the defendant would argue that the facts disclosed herein are sufficient to rebut the applicable presumption.

Based on an application of the facts presented in this matter to the applicable law, there exist several release conditions this Court can impose on Mr. Meggs sufficient to rebut any presumption that he may pose a serious risk of flight or danger to the community and which would facilitate his appearance before the Court.

The undersigned has conferred with Assistant United States Attorney Jeffrey Nestler, Esq., who asserts the government's position is that Mrs. Meggs should remain detained.

RESPECTFULLY SUBMITTED,

/s/ David Anthony Wilson
DAVID ANTHONY WILSON
201 S.W. 2nd Street, Suite 101
Ocala, FL 34471
(352) 629-4466
david@dwilsonlaw.com
Trial Attorney for Defendant
D.C. Bar ID: FL0073

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10th, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Office of the United States Attorney.

/s/ David Anthony Wilson
DAVID ANTHONY WILSON