IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   1:21-cr-28-8 (APM) |
| | ) | |
| KELLY MEGGS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>SECOND RENEWED REQUEST FOR PRETRIAL RELEASE</u>**

The Court should deny Defendant Kelly Meggs's second motion to reconsider his detention. (ECF 356.)

On March 26, 2021, the Court conducted a bond review hearing for Defendant Meggs, and ultimately decided that he was such a danger to the community that he should remain detained pending trial. On April 5, 2021, Defendant Meggs moved to reconsider. (ECF 129.) On April 23, 2021, the Court, after construing the motion as one to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B), denied the motion. (ECF 177 ("Order Denying First Motion").)

On August 20, 2021, Defendant Meggs filed the present motion ("Motion"). Nothing in the Motion warrants reopening the detention hearing or releasing Defendant Meggs.

Defendant Meggs primarily complains about the length of his pretrial incarceration. (Mot. at 2, ¶¶ 5-6.) But the length of a defendant's pretrial detention is not a factor to be considered in making a detention determination under 18 U.S.C. § 3142. *See United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986) (noting that Congress deliberately and specifically omitted from Section 3142 the "duration of pretrial incarceration"); *see also United States v. Salerno*, 481 U.S. 739, 747 (1987) (holding that detention under Bail Reform Act is regulatory rather than punitive). And Defendant Meggs does not appear to be arguing that his continued detention currently violates the Due Process Clause. *Cf. United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013) (per curiam)

(unpublished) (reversing district court's release decision and holding that period of pretrial detention of 29 months did not violate due process).

Though not phrased this way, Defendant Meggs appears to point to two facts (without supporting detail) that he suggests constitute new information that has a "material bearing" on the detention decision.  *See* Order Denying First Motion at 1 (noting that Section 3142(f)(2)(B) permits a court to reopen a bond hearing only if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community") (alteration in original).  First, Defendant Meggs claims that he "assisted" a Capitol Police officer while inside the building, and second, that other Capitol Police officers "recruited" members of the Oath Keepers to assist other officers. (Mot. ¶¶ 8-9.)  Neither claim warrants reopening the detention hearing – let alone releasing Defendant Meggs.

The first point fails for two reasons.  As a procedural matter, Defendant Meggs would have known that he had "assisted" a Capitol officer at the time of his initial hearing, so that putatively "new" information is not new at all.  Moreover, the government has disclosed in discovery interview memoranda with the apparent officer in question (Officer Harry Dunn) and other officers who were nearby, in the area between the Rotunda and Statuary Hall.  No officer stated or suggested that Defendant Meggs or other indicted defendants "assisted" the officers.

On the second point, while the Motion does not provide additional details, Defendant Meggs appears to be referring to a disclosure the government made on August 5, 2021, that videos "show a U.S. Capitol Police member asking individuals affiliated with the Oath Keepers to 'help me save' some of his fellow officers who are inside the Capitol."  (8/5/21 Email from Gov't to Defense Counsel.)  In the disclosure, the government provided interview memoranda, videos, and

news articles.[1] But Defendant Meggs does not articulate how the alleged actions of *other* officers with respect to *other* individuals have any effect on *his* future dangerousness. These alleged actions of others are irrelevant here.

At bottom, other than the "passage of time," "the underlying reasons for this court's prior decisions remain substantially unchanged." *Ali*, 534 F. App'x at 2. Defendant Meggs's motion to reopen the detention hearing should therefore be denied.[2]

<div style="margin-left:40%">

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By: /s/ Jeffrey Nestler
  Jeffrey S. Nestler
  Assistant United States Attorney
  D.C. Bar No. 978296
  Ahmed M. Baset
  Troy A. Edwards, Jr.
  Louis Manzo
  Kathryn Rakoczy
  Assistant United States Attorneys
  U.S. Attorney's Office for the District of Columbia
  555 4th Street, N.W.
  Washington, D.C. 20530

  /s/ Alexandra Hughes
  Alexandra Hughes
  Justin Sher
  Trial Attorneys
  National Security Division
  United States Department of Justice
  950 Pennsylvania Avenue NW
  Washington, D.C. 20004

</div>

---

[1] *See, e.g.*, https://www.wsj.com/video/why-capitol-police-officer-says-he-wore-maga-hat-at-riot/32CDC24E-6733-4E66-8B34-5B0AEEFEFB33.html.

[2] If the Court is inclined to reopen the hearing, the government will be prepared to provide additional evidence of Defendant Meggs's dangerousness, including evidence that the government has uncovered since the time of the first detention hearing on March 26, 2021.