**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 21-28-8 (APM)** |
| | ) | |
| **KELLY MEGGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the court is Defendant Kelly Meggs's Second Renewed Request for Pretrial Release, ECF No. 356 [hereinafter Def.'s Mot.]. The court construes Defendant's motion as one to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B). That statute permits that a

> [bond] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). Defendant offers three grounds for reopening his bond hearing: (1) the "sheer magnitude of the discovery that has yet to be disclosed to the defense," which he contends will result in his being tried "more than one year" after he was ordered detained, Def.'s Mot. at 2; (2) evidence has emerged that he "assisted a U.S. Capitol Police Officer that he perceived to be at risk and was engaged to assist in guarding a stairwell leading down to an area in which other Capitol police officers were being de-contaminated," id. at 2–3; and (3) additional evidence shows that "other members of the Oath Keepers . . . were, in fact, recruited by a U.S. Capitol Police Officer to assist other officers who were being overwhelmed by rioters who were engaging in

violent conduct," *id.* at 4.  None of this information has a "material bearing" on this court's decision to detain Defendant.  *See* 18 U.S.C. § 3142(f)(2)(B).

*First*, with respect to the length of pretrial detention, as the government points out, Congress excluded "the probable duration of pretrial incarceration from its enumeration of factors to be considered by the judicial officer in the initial detention determination."  *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986).  Defendant has not argued that his detention violates his due process rights, nor could he based on "the length of the detention that has in fact occurred," *id.* at 388.  Defendant has been in custody for six months, and this court has scheduled him for a trial to being at the end of January 2022.  Defendant therefore will be subject to pretrial detention for less than a year when his trial commences.  Although Defendant claims that neither he nor the government will be ready for that trial date, he does not explain why that is so.  *See* Def.'s Mot. at 2.  Defendant's speculation that trial will not proceed as scheduled does not warrant reconsideration of his bond status.

*Second*, Defendant offers no actual proof that he assisted U.S. Capitol Police, only his unsupported assertion.  *See id.* at 2–3.  Apparently, the hours of video recordings that Defendant has received do not capture his claimed assistance.  The government also refutes it.  The government has represented that interviews of multiple police officers who were in the area between the Rotunda and Statuary Hall do not corroborate Defendant's contention.  *See* Gov't's Opp'n to Def.'s Second Renewed Request for Pretrial Release, ECF No. 388, at 2.

*Third*, Defendant's assertion that *other* Oath Keepers may have been asked to assist U.S. Capitol Police—and it is not clear whether they were or not—has no bearing on Defendant's dangerousness.

*Finally*, the court previously set forth the reasons it deems Defendant too dangerous to be released.  *See* Hr'g Tr., ECF No. 118, at 20–33; Order, ECF No. 177 [hereinafter Order Denying Release], at 2–3.  Perhaps most critically, Defendant stated in a text message exchange after January 6 that he looked for House Speaker Nancy Pelosi while inside the Capitol building.  *See* Order Denying Release at 3.  That admission is corroborated by surveillance of Defendant's movements on January 6, which placed him with other Defendants in front of the Speaker's office. *See* Hr'g Tr., ECF No. 167, at 75–76.  Defendant offers no evidence to rebut this key evidence of his dangerousness.

For the foregoing reasons, Defendant's Second Renewed Request for Pretrial Release is denied.

Dated:  September 14, 2021

Amit P. Mehta
United States District Court Judge