UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
     Plaintiff,

vs.                                     CASE NO.: 21-CR-28 (APM)

KELLY MEGGS and CONNIE MEGGS,
     Defendants.

_____/

## DEFENDANT'S MOTION TO EXCLUDE CONFIDENTIAL MARITAL COMMUNICATIONS

COME NOW the defendant, KELLY MEGGS, who, by and through undersigned counsel and pursuant to Federal Rule of Evidence 501, files this Defendant's Motion to Exclude Confidential Marital Communications and states:

1.     The defendant together with his spouse, Connie Meggs, is charged in a multi-defendant indictment with conspiracy, obstructing a government proceeding, destroying government property, entering restricted grounds and tampering with documents or proceedings. Doc 328.

2.     The date alleged in the fifth superseding indictment to have been the start of the conspiracy is November 3rd, 2021. Doc. 328.

3.     In a pleading responsive to a Motion for Reconsideration of Conditions of Release filed by co-defendant Joseph Hackett, the government included a screen shot of three text messages between Kelly and Conny Meggs to which Mr. Hackett was not a party. Doc. 344.

4.     The messages, which at first blush appear to have been exchanged on November 4th, 2021 and their corresponding times are as follows:

Connie Meggs:   *Trump wins Kentucky I'm so nervous*  11/4/2020 12:11:42 AM (UTC+0)

| Kelly Meggs: | *I'm gonna go on a killing spree* | 11/4/2020 12:54:23 AM (UTC+0) |
|---|---|---|
| Kelly Meggs: | *Pelosi first* | 11/4/2020 12:54:33 AM (UTC+0) |

5.     Despite the apparent time of the messages having taken place in the early hours of November 4th, 2021, by converting Coordinated Universal Time (UTC) as shown in the messages to Eastern Standard Time, they were sent on November 3rd, 2021 at 7:11:42 P.M., 7:54:23 P.M. and 7:54:33 P.M., respectively.

6.     These times are consistent with media reports announcing then-candidate Donald Trump as the election winner in the State of Kentucky at 7:04 P.M. E.S.T.

7.     There is no indication that the messages between the two spouses were, or were intended to be, transmitted to any third-parties or other family members and were confidential between the two of them.

8.     As distasteful as the messages by Mr. Meggs to his spouse may be, there is no indicia that they were part of any "future or ongoing crimes" at the time they were made.  In fact, it appears that the election results were favorable to Mr. Trump when they were sent.

9.     As a result, the statements were and continue to be within the protections of the marital communications privilege and should be excluded from introduction by the government for any purpose.

10.     The undersigned has discussed the substance of this motion with Assistant United States Attorney Jeffrey Nestler, Esq., who indicates the government's objection to the Court's granting of the relief requested herein.

## MEMORANDUM OF LAW

"There are two recognized types of marital privilege: the martial confidential communications privilege and the spousal testimonial privilege*." United States v. Singleton*, 260 F.3d 1295, 1297 (11th Cir. 2001).  The marital confidential communications privilege "excludes information privately disclosed between husband and wife in the confidence of the marital relationship." *Harrison v. United States,* 577 F. App'x 911, 913 (11th Cir. 2014) (*citing Trammel v. United States*, 445 U.S. 40, 51 (1980)).

There is a presumption that communications within a marriage are confidential. *See United States v. Singleton,* 260 F.3d 1295, 1297 (11th Cir. 2001) (*citing Blau v. United States*, 340 U.S. 332 (1951)).  One, the "marital communications privilege," allows either spouse to refuse to testify, and to prevent the other spouse from testifying, about confidential communications between the spouses during their marriage. *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004); *United States v. Ramos-Oseguera*, 120 F.3d 1028, 1042 (9th Cir. 1997).  *United States v. Byrd*, 750 F.2d 585, 592 (7th Cir. 1984).  This privilege covers statements that are "confidential," not statements made in front of, or likely to be overheard by, a third party. "However, the privilege does not apply to communications made in the presence of third parties, and generally applies to statements, not acts." *Harrison v. United States*, 577 F. App'x 911, 913 *(citing Pereira v. United States*, 347 U.S. 1, 6 (1954)).  Nor does it protect communications "having to do with present or future crimes in which both spouses are participants." *Id.* (citing *United States v. Parker*, 834 F.2d 408, 411 (4th Cir. 1987))

The effect of the confidential communications privilege bars the admission of: (1) any words or actions which are intended by one spouse to be a communication to the other; (2) when

the communications occurred during the time of a valid marriage; and (3) where the spouse intended for the communication to be confidential. *See generally United States v. Evans,* 966 F.2d 398, 401 (8th Cir. 1992) (citations omitted), *cert. denied,* ___ U.S. ___, 113 S. Ct. 502, 121 L. Ed. 2d 438 (1992). Although marital communications enjoy a presumption of confidentiality, this presumption may be rebutted by the particular circumstances surrounding the communication. *Pereira v. United States,* 347 U.S. 1, 6, 74 S. Ct. 358, 361-62, 98 L. Ed. 435 (1954) (citations omitted). *United States v. Duran,* 884 F. Supp. 537 (D.D.C. 1995).

One manner of rebutting the presumption of confidentiality is the crime-fraud exception to the marital communications privilege, which pertains to communications involving future or ongoing crimes in which both spouses were joint participants.  This exception, however, is not absolute, it requires a showing that the joint participation existed at the time of the communications. *United States v. Broome,* 732 F.2d 363, 365 (4th Cir.), *cert. denied,* 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 116 (1984); *United States v. Entrekin,* 624 F.2d 597, 598 (5th Cir.1980) (per curiam), *cert. denied,* 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350 (1981); *United States v. Kahn,* 471 F.2d 191, 194 (7th Cir.1972), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973), *rev'd on other grounds,* 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974). The time period in which the messages were shared was clearly prior to any "joint participation" in the crimes alleged.

Even, assuming *arguendo,* that Mr. Meggs statements could be construed as a manifestation of some level of *mens rea*, (and he does not agree that it was), the initial disclosure of a crime to one's spouse, without more, is covered by the marital communications privilege. If the spouse later joins the conspiracy, communications from that point certainly should not be protected." *United*

*States v. Westmoreland*, 312 F.3d 302, 308 (7th Cir. 2002).  A number of other circuits have indicated agreement with drawing a distinction between communications made before and after joint criminal activity has been undertaken. See *United States v. Vo*, 413 F.3d 1010, 1017 (9th Cir. 2005) ("The exception has its own limits: Where, for example, the wife has not become a participant at the time of her communications, no joint criminal activity has been undertaken, and the joint criminal activity exception does not apply.") (citations and internal quotation marks omitted); *United States v. Bey*, 188 F.3d 1, 6 (1st Cir. 1999) ("Our review of the case law, however, reveals that a court may admit relevant confidential marital communications that take place after the spouse has become a joint participant in the criminal activity.").

Because the text messages at issue herein constituted communications that were intended to be confidential and occurred prior to any alleged "joint" criminal conduct in which both spouses are alleged to have been participants, the messages are privileged and should not be admitted for any purpose.

WHEREFORE, it is respectfully requested that the Court grant this Motion to Exclude Confidential Marital Communications.

RESPECTFULLY SUBMITTED,

/s/ David Anthony Wilson
DAVID ANTHONY WILSON
201 S.W. 2nd Street, Suite 101
Ocala, FL 34471
(352) 629-4466
david@dwilsonlaw.com
Trial Attorney for Defendants
D.C. Bar ID: FL0073

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17th, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Office of the United States Attorney.

/s/ David Anthony Wilson
DAVID ANTHONY WILSON