IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Complainant,<br> v.<br><br>KELLY MEGGS<br><br><br>*(Styled as <u>USA v. Thomas Edward Caldwell</u> incorporating cases against multiple Defendants)*<br><br>      Defendant | Criminal Case No.<br><br>1:21-cr-28-8-APM |

## **MOTION FOR SUBSTITUTION OF COUNSEL FOR DEFENDANT KELLY MEGGS'**

COMES NOW Jonathon Moseley and Mr. Kelly Meggs and moves the Court for an Order of substitution of counsel, and for their grounds state as follows:

## **SUBSTITUTION OF COUNSEL FOR KELLY MEGGS**

1) The Accused Kelly Meggs determined that he would like to change attorneys, including for reasons of strategy and other factors that he should explain to the Court directly and perhaps privately.

2) New counsel for Kelly Meggs does not have first-hand knowledge of the reasons for the desired change.

3) Kelly Meggs and his attorney David Wilson will have to address the reasons for them making a chance in legal representation.

4) Kelly Meggs' counsel David Wilson came to a similar position and filed a Motion to Withdraw as counsel.

5) Counsel Jonathon Moseley understands that some of those reasons include Kelly

Meggs discussions with his counsel David Wilson and perhaps any hearing on this motion should be closed out of fairness and confidentiality.

  6) *In fact, perhaps the motion should be heard by a Magistrate Judge to cabin off these issues from the main case before the trial judge.*

  7) Jonathon Moseley has no direct knowledge of why Mr. Kelly Meggs and Mr. David Wilson, Esq. came to their position seeking a change. Moseley has heard only indirect and generalized references to the reasons.

  8) Jonathon Moseley wishes to make very clear that he played no role in any aspect of the decision of either the client or the attorney to decide upon a change, and that he has heard praise for David Wilson's capability and knowledge of the case.

  9) However, Kelly Meggs including through conversations with his son (who holds his power of attorney) sought to understand if Jonathon Moseley could be available as a substitute attorney.

  10) Accordingly, Moseley met with Kelly Meggs in the D.C. Department of Corrections detention center October 22, 2021, to discuss just the procedural potential for making a change. Moseley returned on Saturday, October 30, 2021, to deliver a proposed attorney fee agreement for Mr. Kelly Meggs to review and comment upon and/or sign.

  11) Moseley has never met with or talked to Kenneth Harrelson.

  12) After careful consideration of the obstacles and making arrangements for additional paralegal support and staff, Moseley determined that he could help in that role if it were Mr. Kelly Megg's wishes.

  13) After consultation between Mr. Kelly Meggs and his attorney David Wilson, Esq., David Wilson then filed a motion to withdraw.

14) Intending to file a motion for substitution, and in support thereof, Jonathon Moseley filed a Notice of Appearance, with the awareness that the Court was at that point still considering this substitution under David Wilson's motion to withdraw.

### SPONSORING BRADFORD GEYER *PRO HAC VICE* FOR KENNETH HARRELSON

15) The prosecution, meanwhile, has inquired about the attorney Jonathon Moseley sponsoring Philadelphia attorney Bradford Geyer *Pro Hac Vice* for co-Defendant Kenneth Harrelson.

16) Jonathon Moseley does not represent Kenneth Harrelson.

17) Jonathon Moseley has not entered an appearance for Kenneth Harrelson.

18) Specifically, all decisions on behalf of Kenneth Harrelson are and will be made by his attorney Bradford Geyer.

19) Decisions and strategy are made independently for Kenneth Harrelson by his attorney Bradford Geyer.

20) Jonathon Moseley did file a motion to admit Bradford Geyer *pro hac vice* and when Bradford Geyer was unable to get the cooperation to have an ECF filing password issued to him filed Bradford Geyer's pleading responding to the Court's inquiry. However, this was purely because the Attorney Admissions office of this Court had not processed Geyer's request for a log-in authority to the ECF system.

21) Jonathon Moseley sponsored Bradford Geyer *pro bono* without compensation.

22) Jonathon Moseley sponsored Bradford Geyer at the last moment on an emergency basis because there was a hearing scheduled the following day on September 8, 2021.

23) The Motion recites that:

>Defendant Kenneth Harrelson wishes for Bradford L. Geyer, Esq., to represent him as legal counsel in this criminal case and Bradford L. Geyer, Esq., proposes to represent Harrelson in this case, **including as early as the hearing currently scheduled for September 8, 2021, at 2:00 PM.**

24) Thus, the motion makes clear that Bradford Geyer is the attorney for Kenneth Harrelson.

25) Nothing in the Motion or any other filing states or suggests that Jonathon Moseley is representing Kenneth Harrelson.

26) However, Jonathon Moseley understood that he would be required to assist the out-of-state attorney as to local rules and procedures, stating in the Motion for admission *pro hac vice*:

>I am and will remain available to consult with Mr. Geyer as may be needed to assist him with local practice and to the extent that the Court requires to review pleadings and participate in hearings with Mr. Geyer **including as early as the hearing currently scheduled for September 8, 2021, at 2:00 PM if I may join remotely by video / virtual appearance.**
>
>I understand that he will familiarize himself with the local rules of this Honorable Court and I will be available to assist with that and consult on any questions about them.
>
>I have examined the question of any conflict of interest and have determined that there is at present no evident grounds for any conflict or adverse position, but will remain vigilant if circumstances later emerge that might require revisiting that question.

27) Accordingly, I, Jonathon Moseley, have discussed with Bradford Geyer the procedures, rules, and style of pleadings to be filed in the U.S. District Court for the District of Columbia, and appeared in support of Bradford Geyer to monitor hearings, but I have taken no role in those hearings other than as a local counsel advisor on procedures, rules, and style.

28) It was my understanding that many courts want a pleading reviewed and signed

by the local counsel *Pro Hac Vice* sponsor for compliance with local rules.

29) As a result, Jonathon Moseley allowed *Pro Hac Vice* attorney Brad Geyer to include his electronic signature as confirming that Jonathon Moseley has assisted Brad Geyer in complying with local rules.[1]

30) However, I have never met with Kenneth Harrelson.

31) I have never spoken with Kenneth Harrelson.

32) I have no information from or about Kenneth Harrelson that is not in the public record including the Court's file.

33) I have had no access to any privileged or confidential information about or concerning Kenneth Harrelson.

34) Sponsoring Bradford Geyer *Pro Hac Vice* is limited to questions of procedure.

35) Moseley's signature that he has reviewed a pleading for compliance with local rules is not a representation of Kenneth Harrelson.

36) It is in support of Brad Geyer's admission *Pro Hac Vice*.

37) While Moseley and Geyer have discussed strategy with regard to the hyperbolic and over-inflated charges and allegations against all of the January 6 defendants collectively and concerns about massive and excessive false narratives in the news media that are tainting the jury pool, Moseley has not learned of or discussed any information specific to Kenneth Harrelson. Moseley has exchanged such discussions with many attorneys representing many Defendants.

38) For example, all of the Defendants in hundreds of related cases are challenging the application of 18 U.S.C. 1512(c)(2), created to deal with destruction of documents, to any of

---

[1] Out of personal preference, Moseley inserts a photographic image of his signature when he files something for himself.

5

the cases involving any of the Defendants relating to events on January 6.

39) However, exchanging ideas on how all of the Defendants collectively are asking this Court through various trial judges to dismiss the charge under 18 U.S.C. 1512(c)(2) is a discussion Moseley has had with many attorneys, not just Geyer, and these discussions do not involve any information specific to Kenneth Harrelson or involving any private information.

40) On this purely legal question, Moseley, Geyer, and many attorneys exchanged ideas on this legal question of whether 18 U.S.C. 1512(c)(2) is applicable, but none of that has involved particularized information about Kenneth Harrelson.

## No Helpful Authority Found

41) Unfortunately, Moseley has found no authority – indeed, no mention whatsoever – of whether an attorney sponsoring an out-of-state attorney *Pro Hac Vice* is an attorney representing the client for the purposes of conflict of interests analysis.

42) *Koller By and Through Koller v. Richardson-Merrell, Inc.,* 737 F.2d 1038 (D.C. Cir. 1984) is an oft-cited case, also criticized, but it involves disqualification of the out-of-state attorney, not the attorney sponsoring him or her *Pro Hac Vice.*

## No Conflict of Interest Exists

43) Furthermore, conflicts analysis reveals no conflict of interest between Kenneth Harrelson and Kelly Meggs.

44) There is nothing about the conduct with which Meggs and Harrelson have been charged makes one innocent if the other is guilty nor one guilty if the other is innocent.

45) There is no component of the charges (especially given the vague and non-specific indictment) which makes one innocent if the other is guilty or vice versa.

46) Indeed, Meggs and Harrelson are both indicted under the same soup-style or ink-blot test indictment which fails to distinguish the various Defendants, but rather holds everyone in the group to a standard of collective guilt.

47) Indeed, the Government is taking the position that everyone is guilty, even when they clearly are not.

48) Any demonstrator who exercised his First Amendment rights on January 6, 2021, is guilty according to the prosecution.

49) Therefore, if ever there were a case where the guilt or innocence of one co-Defendant is completely irrelevant to the guilt or innocence of another co-Defendant it is this case, where the prosecution asserts that everyone with a heartbeat is guilty merely for being alive somewhere within the boundaries of the District of Columbia on January 6, 2021.

50) The Grand Jury has not identified any facts or evidence for any of the 500 to 600 January 6 Defendants to have engaged in any conspiracy to commit any illegal act but rely instead entirely upon conclusory statements lacking in any specifics or factual details.

51) It is clear that approximately 500,000 to 1 million U.S. citizens "conspired" to attend rallies and demonstrations protected by the First Amendment to the U.S. Constitution and to express their opinions and petition the government for redress of grievances, including packing up the car or suitcases for the airplane, making hotel reservations, and coordinating with other U.S. citizens acting in compliance with the law and their constitutional rights.

52) It is clear that not a single one of them wanted to obstruct the certification of the Electoral College vote, because that would leave the Presidency vacant and invite the risk of Nancy Pelosi becoming President under the presidential succession laws.

53) Not a single demonstrator on January 6, 2021, came to D.C. to make Nancy Pelosi

7

President.

54) In order for Donald Trump to be re-elected as President, the Joint Session of Congress would have to actually meet, completely, and resolve disputed Electoral College votes in favor of Donald Trump.

55) The memorandum of Trump attorney John Eastman has recently become public, which is attached as Exhibit A.

56) This memorandum was published on CNN's website at

https://www.cnn.com/2021/09/21/politics/read-eastman-memo/index.html

57) The plan of Trump's campaign required that the Joint Session of Congress actually meet and be completed, while addressing the seven (7) States with competing, alternate slates of Electors due to disputes in the election procedures of those seven States.

58) Therefore, if anyone obstructed the Joint Session of Congress commencing on January 6, 2021, they would be directly harming and blocking the Trump campaign's plan. *Id.*

59) Donald Trump had 83 to 86 million Twitter followers to whom he promoted rallies to be held on January 6, 2021.

60) Neither Meggs nor Harrelson could ever move the needle in comparison

61) Even with regard to any potential plea deal, an attempt to coerce one Defendant to lie about another Defendant could not qualify as the basis for a conflict of interest. There can be no conflict of interest premised upon one co-Defendant lying about another under coercion.

62) Therefore, there is no aspect of this case nor any angle, component, element, or detail which can be envisioned by which Harrelson's interests could be in conflict with Meggs'.

**Alternate Pro Hac Vice for Kenneth Harrelson**

63) However, given that Mr. Kelly Meggs' need for an attorney is greater than the

problem of finding an attorney to sponsor Bradford Geyer *Pro Hac Vice*, Jonathon Moseley may be best by withdrawing as Brad Geyer's *Pro Hac Vice* sponsor and having Geyer arrange a different *Pro Hac Vice* sponsor.

Dated:  November 1, 2021   RESPECTFULLY SUBMITTED
ZACHARY REHL, *By Counsel*

*Jonathon A. Moseley, Esq.*

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
jeffrey.nestler@usdoj.gov

**Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928

9

(202) 305-8537 (fax)
kathryn.rakoczy@usdoj.gov

**Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
202-353-3909
justin.sher@usdoj.gov

**Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
troy.edwards@usdoj.gov

**Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004
202-353-0023
Alexandra.Hughes@usdoj.gov

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
louis.manzo@usdoj.gov

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530
202-252-7097
ahmed.baset@usdoj.gov

**David A. Wilson**
LAW OFFICE OF DAVID A. WILSON
201 SW 2nd Street, Suite 101
Ocala, Florida 34471
352-629-4466
david@dwilsonlaw.com

10

/s/ Jonathon Moseley
Jonathon Moseley, Esq.