**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Complainant,<br>      v.<br><br>KELLY MEGGS<br><br>*(Styled as <u>USA v. Thomas Edward Caldwell</u> incorporating cases against multiple Defendants)*<br>                                        Defendant | Criminal Case No.<br><br>1:21-cr-28-8-APM<br><br><br>Assigned to the Honorable<br>Amit Mehta, District<br>Court Judge |

**DEFENDANT KELLY MEGGS' RESPONSE TO INQUIRY OF THE COURT
CONCERNING ABILITY TO REVIEW DISCOVERY MATERIAL**

    COMES NOW Defendant Kelly Meggs, by counsel, hereby provides the following additional information in response to the Court's inquiry to all Defendants about the Defendants' ability and circumstances in being able to review discovery disclosures and *Brady* disclosures while incarcerated including to be able to meaningfully participate in their own defense as well as to assist their counsel in understanding information about their case. This is especially important where so much of the information in the case consists of video and some photographs such that recognizing individuals known to the Defendant may be crucial for counsel being able to process and use the information.

    Counsel is reminded by other counsel that about the time that undersigned counsel was added to the case, the Court had directed all Defendants to advise the court of the foregoing. Meggs, by counsel, asks for an extension of time and leave to have these details considered.

    Having the opportunity Sunday to further explore these matters with Defendant Kelly Meggs, counsel would like to provide the following details.

First, counsel would like to suggest in considering all of these details that these capabilities might be considered as either infrastructure upgrades after Congress has enacted trillions of dollars in infrastructure funding or COVID-19 pandemic mitigation where the jail's technology can decrease the traffic in and out of the jail for live hearings and/or providing measures to review.  At this stage, this might require reprogramming infrastructure funds.

Second, Kelly Meggs like the other January 6 Defendants from various cases in the C2B housing unit of the D.C. Jail has access to a computerized tablet (like an IPAD) which is configured to allow watching some limited television and movies and allows sending a text message to family at a cost of 35 cents per text message.

Counsel believes this is referred to as a GTL system.  Note that their operation includes some limited internet access. But the usage is tightly controlled, limited, and very narrow.

Counsel understands that these tablets can be configured to add additional capabilities. However, but these Defendants do not have tablets with these added capabilities.  The authorization and software have not been added or activity on the tablets provided.

Therefore, the Defendant cannot use the tablet to review any discovery information, videos, etc. They cannot video conference with lawyers or family.  They are not able to receive data such as on a thumb nail drive from counsel to review.  They cannot access PACER to read legal pleadings in their case.  It is my understanding that there is an available law library function, but this has not been set up or activated on the tablets provided to these Defendants.

Kelly Meggs understands that while there are more established and complete facilities available, using these computer facilities would require being on a waiting list for approximately eight (8) weeks.  This may be more of a feeling than a precise number.  But Kelly Meggs reports that although there are better facilities, there are not enough of such rooms or set-ups to meet the

demand of all of the detainees throughout the jail (that is not just for January 6 Defendants).

Meanwhile, however, we received a report from the public defender's office in a zoom call of the yeoman's work that they are doing to spearhead the establishment of a room where Defendants can review discovery material. This project sounds above and beyond the call of duty for public defenders.

Their goal is to allow review of documents from Evidence.com and Relativity and other systems. The goal is to have an assistant in this room on duty, but in counsel's view the staff person will be strictly offering technical assistance and not supervising or monitoring any legal access issues for the material.

Clearly, the attorneys hope to avoid the need to spend many hours in the jail supervising or guiding these reviews and complying with the protctive order.

Furthermore, counsel had to apply for a license to use Evidence.com for this case (despite being registered with Evidence.com for many years. This included a sublicense for paralegals, etc.) So counsel is not sure what documentation is needed for access by the Defendants.

Counsel notes that discovery / Brady disclosure information from the government always comes in completely different formats, suing different software, each requiring training and a learning curve. The computer systems like USAfx are clunky and difficult to use. For example, information is transferred using folders with subfolders, which cannot be (to counsel's knowledge) downloaded *en masse* but by entering and exiting each subfolder. The downloading function is slow and confusing. That is, every delivery of discovery information requires learning a new and different system each time which is very time consuming.

Furthermore, the vast majority of the information is either useless in general or meaningful but concerning other Defendants not my client in any given disclosure.

Unfortunately, the volume of material to be reviewed is highly unusual and massive, not like the typical case.

And, unfortunately, the room and facilities that are being set up will not be adequate to service the number of Defendants needing its use given the enormous volume of discovery and disclosures in this video-intensive case.

As Connie Meggs' attorney raised, there appear to be no provisions planned for Defendants to be able to access PACER so as to review the legal pleadings filed in their cases. That is, the public defenders' office taking the lead on these improvements and facilities

As a result, there is some important progress being made but at present Defendant Kelly Meggs cannot review any discovery. And it appears that even when the new facility / room is set up the demand will vastly exceed capacity.

Furthermore, Kelly Meggs has not received any case file or client file from prior counsel and still needs to drop off some blank external hard drives to get a re-supply of the Government's Brady disclosures and discovery disclosures previously sent to prior counsel.

Dated: December 5, 2021                    RESPECTFULLY SUBMITTED
                                           KELLY MEGGS, *By Counsel*

*[signature: Jonathon Moseley]*

                                           Jonathon A. Moseley, Esq.

                                           USDCDC Bar No. VA005
                                           Virginia State Bar No. 41058
                                           Mailing address only:
                                           5765-F Burke Centre Parkway, PMB #337
                                           Burke, Virginia 22015
                                                   Telephone:  (703) 656-1230
                                           **Contact@JonMoseley.com**
                                           **Moseley391@gmail.com**

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants. From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
**jeffrey.nestler@usdoj.gov**

**Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928
(202) 305-8537 (fax)
**kathryn.rakoczy@usdoj.gov**

**Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
202-353-3909
**justin.sher@usdoj.gov**

**Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
**troy.edwards@usdoj.gov**

**Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004
202-353-0023
**Alexandra.Hughes@usdoj.gov**

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
**louis.manzo@usdoj.gov**

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530
202-252-7097
**ahmed.baset@usdoj.gov**

_____
Jonathon Moseley, Esq.