**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Complainant, <br> v. <br><br> KELLY MEGGS <br><br> *(Styled as <u>USA v. Thomas Edward Caldwell</u> incorporating cases against multiple Defendants)* <br> Defendant | Criminal Case No. <br><br> 1:21-cr-28-8-APM <br><br> Assigned to the Honorable <br> Amit Mehta, District <br> Court Judge |

**DEFENDANT KELLY MEGGS' MOTION FOR MODIFICATION OF CONDITIONS OF DETENTION AND ABILITY TO REVIEW DISCOVERY MATERIAL**

COMES NOW Defendant Kelly Meggs, by counsel, and hereby moves the Court to modify the terms of detention under which he has been ordered to be held in detention *pre-trial*.

Kelly Meggs requests the ability to have video conference visits with Connie Meggs and her family especially over the holidays. The undersigned has requested consultation from the government on the requested relief by email yesterday, December 20, 2021, at around 4 PM, sent to all prosecutors on the case and none of them responded for the Government. It is in the best interest of both Mr. Meggs and the government's case that the Defendant have access to both family visitation and discovery for his scheduled trial in April of 2022.

Defendant Kelly Meggs is of course presumed innocent until proven guilty beyond a reasonable doubt by an unbiased, untainted jury of his peers and detention may not be a form of

punishment or punitive in its nature.[1]

Counsel for Kelly Meggs filed a report of conditions in the jail which interfere with the ability of the Defendant to access discovery in preparation for trial. The Court had requested briefing by the parties, and new counsel for Kelly Meggs belatedly did so.

I.     STATEMENT OF FACTS

By way of background, Mr. Meggs has no prior criminal record or violations. There is no charge or allegation that Mr. Meggs appeared on January 6th carrying or wearing or in any way bringing weapons (firearms or otherwise) to the subject premises. (See Sixth Superseding Indictment, ECF 513).

There is no charge that Mr. Meggs resisted arrest. (See ECF 513; ECF 1-1). In fact, it is undisputed that Mr. Meggs continued to live in Florida for weeks until his arrest. The alleged incident was January 6, 2021 and since that time, Mr. Meggs made no attempt to flee, but continued to go about a daily routine to include working for compensation. Mr. Meggs made no attempt to change his lifestyle.

There is no charge or allegation that Mr. Meggs was arrested at the scene of the incident. Mr. Meggs is known as a religious Catholic. Mr. Meggs is in good standing with all debts and

---

[1] "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 789, 755 (1987); *see also United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) ("The default position of the law . . . is that a defendant should be released pending trial." (internal quotation marks and citation omitted)); *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) ("[F]ederal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. Only in rare circumstances should release be denied. Doubts regarding the propriety of release should be resolved in favor of the defendant." (internal citations omitted)).

maintains a good work ethic. In CTF, he has continued working with the cleaning crew and Mr. Meggs has remained in DC Jail without incident for nearly a full year. During this time, he has not had one in person or video visit with his family.

As the Department of Corrections makes clear there is this distinction in visitation for detainees in CTF from those held in DC Jail:

**About Face to Face Visitation**

The D.C. Department of Corrections offers visitation for the families and loved ones of those incarcerated in our facilities. Most social visits for inmates housed at the D.C. Jail are conducted through video visitation. However, as an incentive for positive behavior, face to face visitation is now available for eligible inmates. This program began on June 22, 2015.

**Correctional Treatment Facility Holiday Visitation Hours**

- **Thanksgiving Day**, on Thursday, November 25, 2021, special visitation hours will be conducted in the Video Visitation Center (VVC) and the Correctional Treatment Facility (CTF)
    - **The VVC will be open from 8:00 AM to 4:00 PM and CTF Visitation will offered from 8:00 AM to 12:00 PM.** [2]

The DOC website makes this distinction obvious when it states that "*Most social visits for inmates housed at the D.C. Jail are conducted through video visitation*" versus "*CTF Visitation will offered from 8:00 AM to 12:00 PM*" which for Mr. Meggs is unrealistic where his family lives over 500 miles away from this jurisdiction.

---

[2] Department of Corrections: Online Scheduling for Video Visitation/Scheduling for Face to Face Visitation:
**https://doc.dc.gov/service/online-scheduling-video-visitationscheduling-face-face-visitation**

## II. REQUEST FOR MODIFICATION #1: Access to video calls with family.

Kelly Meggs requests that he be allowed to use video conference facilities to talk to his wife and family. Kelly Meggs requests modification of his detention in order to see his wife and family and to review his discovery and prepare for trial.

Alternatively, like the other January 6 Defendants from various cases in the CTF housing unit of the D.C. Jail Kelly Meggs has access to a computerized tablet (like an IPAD) known as a GTL device, which is configured to allow watching some limited television and movies and allows sending a text message to family at a cost of 35 cents per text message.

However, the capability to engage in video phone calls is not activated or loaded on these GTL pads for those held in CTF, whereas, upon information and belief, all of the detainees in DOC's Jail have an application on their GTL devices.[3] These same applications could be downloaded for the devices in CTF, where Defendant Meggs is held, but the devices in CTF do not have video conferencing applications.

Kelly Meggs asks that an application get downloaded on the GTL devices so to equipped to allow video phone calls with family. Note that their operation already includes some limited internet access. But the usage is tightly controlled, limited, and very narrow.

---

[3]

### III.     REQUEST FOR MODIFICATION # 2:  Access to Evidence.com and PACER

These "Educational Tablets" could also be configured to access Evidence.com and later Relativity, as well as other discovery information.  Kelly Meggs, by counsel, would recommend access to PACER.  Counsel understands that the "Educational Tablets" have access to a law library informational data base.

Mr. Meggs cannot currently use the tablet to review any discovery information, videos, etc.  Further modification of his detention is requested so that he can access discovery for trial preparation and video conferencing.  1. He currently cannot video conference with family;[4] 2. in relation to discovery, he is not able to  receive data such as on a thumb nail drive from counsel to review;  3. Mr. Meggs cannot access PACER to read legal pleadings in their case.  Upon information and belief, there is an available law library function, but this has not been set up or activated on the tablets provided to these Defendants in CTF.

Kelly Meggs understands that there are more fully-developed and complete facilities available, with full computers or laptops available to use.  But using these computer facilities would require being on a long waiting list.  Upon information and belief, there are not enough of such rooms or set-ups to meet the demand of all of the detainees throughout the jail (that is not just for January 6 Defendants).  Upon information and belief, there are about 23 laptops for the entire Department of Corrections including both the Jail and CTF, spread among roughly 1000 or more detainees.

Mr. Meggs submits that the likelihood of genuine access to a laptop in a designated room,

---

[4] With Lawyers, the attorneys can make a Zoom call request which is granted about 3-4 weeks out from the date of the request.

prior to his anticipated trial date in April, is unlikely to allow for genuine access.  Alternatively, apparently he has access to "Educational Tablets" that can be checked out and used between 9 AM and 11 PM.  Mr. Meggs requests a designated Educational Tablet be made available with applications downloaded on it, to include videoconferencing, evidence.com and PACER.  These "Educational Tablets" could be configured and equipped to allow for discovery applications as well as video phone calls with extended family and/or attorneys (which would allow attorneys to show photos and documents to the detainee during discussions.  Again, they can be checked out by pre-trial detainees from 9 AM to 11 PM for use in their cells or common areas.

In conclusion, Kelly Meggs requests that he be allowed to use video conference facilities to talk to his wife and family. And Mr. Meggs requests access to an educational tablet with discovery and case information made available on it from 9 AM to 11 PM.

This is especially important where so much of the information in the case consists of video and some photographs such that recognizing individuals known to the Defendant may be crucial for counsel being able to process and use the information.

Dated:  December 21, 2021            RESPECTFULLY SUBMITTED
                                     KELLY MEGGS, *By Counsel*

Jonathon A. Moseley, Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
         Telephone:  (703) 656-1230
**Contact@JonMoseley.com**
**Moseley391@gmail.com**

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 21, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

       **Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
**jeffrey.nestler@usdoj.gov**

       **Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928
(202) 305-8537 (fax)
**kathryn.rakoczy@usdoj.gov**

       **Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
202-353-3909
**justin.sher@usdoj.gov**

       **Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
**troy.edwards@usdoj.gov**

       **Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004
202-353-0023
**Alexandra.Hughes@usdoj.gov**

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
**louis.manzo@usdoj.gov**

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530
202-252-7097
**ahmed.baset@usdoj.gov**

_/s/ Jonathon Moseley_
Jonathon Moseley, Esq.