IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Complainant,<br>       v.<br><br>KELLY MEGGS<br><br>*(Styled as <u>USA v. Thomas Edward Caldwell</u> incorporating cases against multiple Defendants)*<br>                              Defendant | Criminal Case No.<br><br>1:21-cr-28-8-APM<br><br><br>Assigned to the Honorable<br>Amit Mehta, District<br>Court Judge |

### SUPPLEMENT ON GOVERNMENT'S FAILURE TO PROVIDE DISCOVERY TO DEFENDANT KELLY MEGGS' RESPONSE TO INQUIRY OF THE COURT CONCERNING ABILITY TO REVIEW DISCOVERY MATERIAL

COMES NOW Defendant Kelly Meggs, by counsel, and hereby provides the following SUPPLEMENTAL information in response to the Court's inquiry to all Defendants about the Defendants' ability and circumstances in being able to review discovery disclosures and *Brady* disclosures while incarcerated including to be able to meaningfully participate in their own defense as well as to assist their counsel in understanding information about their case.

The Court had directed all Defendants to advise the court of the access of Defendants and their counsel including when in pre-trial detention to the disclosures by the Government.

Unfortunately, the Government is systematically and persistently refusing to fulfill its obligations under *Brady v. Maryland*, Rule 16 of the Federal Rules of Criminal Procedure, the *Jencks* Act, etc.

The Court will probably not be aware without being advised that the Government keeps sending them oceans of mostly-irrelevant disclosures by *different* systems, so that counsel –

instead of preparing for trial – must learn the operation and quirks of each new and different computer or data system.

This Court recently ordered the Government to merely *certify* a request to the U.S. Capitol Police – not actually comply – by January 20, 2022, for the records required by the constitutional demand of Defendant Kelly Meggs to the U.S. Capitol Police concerning possible proof that Kelly Meggs neither caused nor intended to cause the at 2:35 PM to 2:40 PM the recess of the Joint Session of Congress and evacuation that occurred at 2:18 PM.

However, given the methods being used by the Government to transmit data, the information would not be actually received or accessible – if ever – in time for trial in April.

Unfortunately, the trial in this case is not going to happen as scheduled in April, 2022, under the chaos, intentional non-compliance by the Government, and the Government's unethical practice of burying the Defendants with irrelevant information.

Defense counsel does not have time to prepare for trial given the non-compliance by the Government in pre-trial disclosures. They are swamped with technical and procedural issues that should not be such a problem.

The Government continues to bury the Defendants in tsunamis of worthless information, euphemistically described as discovery. For example, the Government provided counsel audio recordings of law enforcement officers talking on the radio about making sure cruiser vehicles are topped off with gasoline and officers rendezvous to pick up hot meals (certainly very important) and at one point police officers tragically mis-identifying crowds as "Proud Boys" based on the description of their arm bands which are obviously **not** actually Proud Boys, but reveal the mis-identification, misunderstanding, and prejudice in the situation about what was actually happening.

But when video recordings show Alex Jones, Ali Alexander, and their entourage trying to get demonstrators to move *away* from the U.S. Capitol building to the location of the permit issued by U.S. Capitol Police for a demonstration at Lot 8 near the U.S. Supreme Court, calm down, avoid violence, and de-escalate, and we can see leading USCP police officers calling in to headquarters on their radios asking whether to let Alex Jones address the crowds and de-escalate the situation, this counsel cannot find among the radio calls among the police officers the radio call we can see happening on the videotape.[1]

Counsel has spent much of a week trying to download only one particular folder from the Government's USAfx system, which after 24-36 hours of downloading aborts or times-out. The download must then be restarted.[2]

But while spraying a fire hose of random information at the Defendants, the Government stubbornly refuses to respond, zero in, focus upon, and provide actually exculpatory or potentially exculpatory documents and information required under the U.S. Supreme Court's command in *Brady v. Maryland* and its progeny precedents. For example, some of the discovery is about other Defendants, sometimes not even in this group of Defendants, which wouldn't be terribly relevant to the Defendant to which it applies. But cross-posted to other Defendants, these "disclosures" merely hide the needle in more-massive hay stacks.

Instead of pouring a Niagara Falls of mostly useless information, the Government could pay attention to what the Defendants' counsel have identified within their defense analysis what

---

[1]  https://banned.video/watch?id=5ffe25bc0d763c3dca0c4da1
[2]  The Government has instructed that USAfx is a file *transfer* system and not a file *storage* system, meaning that counsel are supposed to transfer files off of the USAfx system to their law office computers and not leave them on the USAfx system.

is likely to be exculpatory. That, however, is being politely and cheerfully ignored, in the best of cultural niceties and civility, inevitably leading to masterful inactivity.

Thus the Government is ignoring defense counsel's evaluation of what is likely to be exculpatory while pursuing only its own inexplicable interpretation, for reasons unknown and following guidelines unknown.

This counsel has signed up for access to Evidence.com (even though he was a regular user of it in the past, but had to get a special license for this case). But upon logging in as directed to Evidence.com, the information folders are empty. The Government has not set up the data properly, or it was set up and then expired or something.

Therefore, counsel cannot access or retrieve any information from Evidence.com and share it with his detained counsel Kelly Meggs, because it is not available.

These are all poorly-designed systems (counsel helped design a department-wide computer system in a domestic federal department, and faced considerable obstacles) compared with commercially-available solutions, clunky, user-unfriendly, confusing, and unreliable in operation. But they are also all different requiring familiarization with different systems.

Of course, within the useless mountains of hay, there are some vitally important *Brady* material. Therefore, counsel must wade through the hay stack hoping to find the concealed needle, in a game of hide-and-seek.

And being unable to access the data, much less to package it for delivery to the D.C. Jail for use on their jail facilities for review by the Defendant client, this Defendant is unable to participate in his own defense.

Instead of simply loading data on large external hard drives – ***which this counsel has purchased at his own expense*** and delivered personally to the U.S. Attorney's Office – the

Government keeps using a new method which also does not work. This requires counsel to take time learning each new system before confirming that it also fails to transmit the needed data.

In another case from the same U.S. Attorney's Office, the U.S. Attorney's Office used Blu-ray discs instead of standard DVD discs or CD-ROM discs. Most computers don't read Blu-ray discs, whereas almost all computers will read standard DVD size data discs. Was that the reason for using Blu-ray discs – because most Defendants' counsel won't have the capability to read them? This counsel after being unable to access the data bought a new Blu-Ray disc player to eliminate the possibility that the problem was in the player. It then turned out that there was actually no data or corrupted data on the Blu-Ray discs, as revealed by a new player.

Some small external hard drives have been loaded with a specialized reader software program which does not work, which returns errors of corrupted data, or requires a password that the Government never provided.

That is, instead of just copying folders of data onto the external hard drive in standard methods, the Government "had to" create a specialized gigantic file combining documents together, place them within a specialized reader software program, which of course does not work. They could have just copied the folders onto the hard drive without the software or the bizarre compilation of individual files into one gigantic file limited to a specialized software.

This counsel has spent about 10 days trying to download disclosures made through the Government's poor-quality version of "DropBox" called USAfx.

Last night, returning from Christmas break, counsel Moseley intentionally stopped at an expensive hotel to make use of the highest-quality internet connection and make sure that the problem was not his own home base internet system, and to eliminate any question about the system on my end for downloading this data.

Having now exhausted every alternative, counsel must report that the USAfx system is a complete failure at least with regard to the massive amounts of irrelevant and unnecessary data being poured on Defendants like Niagra Falls.

USAfx might work with much smaller sized folders in simpler cases. But it is not working here. It is completely unacceptable for this case.

Counsel has two paralegals lined up to assist in screening out the irrelevant information and narrow things down to what might actually matter. But they have no work to do because the Government has not made the data available to be reviewed.

Counsel has tried about 8-10 times to download the USAfx folder "Highly Sensitive Discovery Materials 6." The downloads time-out and fail on the USAfx end, partly because of the enormous size and long download time of the download, likely coupled with the system's security settings.

Downloading this particular folder has run for as long as 36 hours continuously, reaching a total download as high as 28 gigabytes, before returning an error "Network failure" at the USAfx end. (No such error exists or is known at the user end.) That is, it appears that the security settings abort the download because it is going on for so long.

Note that it is not necessary for the Government to combine data in folders as high as 40 to 45 gigabytes in one folder. The Government could group data in much smaller folders making downloads at least remotely feasible, although there are other problems as well.

Last night, overnight, USAfx, when no one else was using the hotel's internet system, **downloaded over 40 gigabytes** from a folder "External Capitol CCTV - Highly Sensitive" under the "Highly Sensitive Discovery Materials 6" folder and then – once again – aborted in the early morning before completing the download.

Note, however, that this is not a system where some data is obtained while the rest remains undownloaded.

USAfx is an "***all or nothing***" download. If the download does not complete 100.000% then ***there is NO data*** received and accessible. No data is accessible until the download has successfully completed entirely.

Therefore, after as much as 36 hours of downloading the "Highly Sensitive Discovery Materials 6" folder and hitting a terminated connection and "Network Error" from the USAfx side, one must start all over again.

Overnight, the high-end hotel was downloading at speeds between 1 and 2.4 megabytes per second. Counsel chose to download only one folder under the "Highly Sensitive Discovery Materials 6" folder at a time when few other people would be using the hotel's powerful internet connection to maximize the chance of success in a reasonable time.

However, after starting before 11 PM, the download which reached over 40 gigabytes by about 4:30 A.M. the next morning the last time I checked, but failed sometime before 6:00 AM and was not able to complete the download before the USAfx bombed on its end once again. (My computer was set to remain up and running indefinitely, to go to sleep "never.")

Because of the USAfx's security settings, a download cannot be resumed, requiring logging back in with security controls. Therefore, once the USAfx system aborts a download, it must be started all over again.

In most locations, the download speed is much slower and counsel's attempt to download the folder ran as long as 36 hours before failing.

Unfortunately, this presents a problem that there is no reasonable likelihood that on another attempt the download would be successful.

Moreover, even when much smaller folders have been successfully downloaded, the downloads are riddled with errors. This is commonly a result of transmission errors. There are some file names which are too long and Microsoft Windows will not copy, move or access them because the file path and file name is too long. (That's the error reported, not counsel's opinion.)

Many of the downloaded files report errors (that the software says cannot be repaired) such as Powerpoint files. That is, the documents are unreadable.

Some videos play only audio with no video in Microsoft Media Player, which is also commonly a result of errors in data transmission.

Therefore, unless a more traditional, predictable, consistent, perhaps low-tech system of distributing disclosures to Defendant's counsel, hopefully avoiding the unnecessary fluff, the Government will not have met its obligations by April 19, 2022, and because there are actually a few needles hidden in the hay stacks, Defendants will not be able to proceed with trial consistent with due process.

These problems are fixable, but there seems to be no interest in fixing them.

Merry Christmas.

Dated:  December 29, 2021        RESPECTFULLY SUBMITTED
        KELLY MEGGS, *By Counsel*

        Jonathon A. Moseley, Esq.

        USDCDC Bar No. VA005
        Virginia State Bar No. 41058
        Mailing address only:
        5765-F Burke Centre Parkway, PMB #337
        Burke, Virginia 22015
              Telephone:  (703) 656-1230
        **Contact@JonMoseley.com**

Moseley391@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
**jeffrey.nestler@usdoj.gov**

**Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928
(202) 305-8537 (fax)
**kathryn.rakoczy@usdoj.gov**

**Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
202-353-3909
**justin.sher@usdoj.gov**

**Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
**troy.edwards@usdoj.gov**

**Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004
202-353-0023
**Alexandra.Hughes@usdoj.gov**

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
**louis.manzo@usdoj.gov**

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530
202-252-7097
**ahmed.baset@usdoj.gov**

*/s/ Jonathon Moseley*
Jonathon Moseley, Esq.