### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　Complainant,<br>　　v.<br><br>KELLY MEGGS<br><br>*(Styled as <u>USA v. Thomas Edward Caldwell</u> incorporating cases against multiple Defendants)*<br>　　　　　　　　Defendant | Criminal Case No.<br><br>1:21-cr-28-8-APM<br><br>Assigned to the Honorable<br>Amit Mehta, District<br>Court Judge |

### DEFENDANT KELLY MEGGS' REQUEST FOR FIRST GROUP OF WITNESS SUBPOENAS

COMES NOW Defendant Kelly Meggs, by counsel, pursuant to Local Rule 72.1 (a)(3) and Rule 17 of the Federal Rules of Criminal Procedure, and hereby requests that the Clerk of the Court or Magistrate officially issue the *subpoenas testificandum* with requests *duces tecum,* attached in draft to be officially issued, seeking knowledgeable persons to testify at trial, which is currently scheduled to start at 9:30 AM on April 19, 2022, in Courtroom 20, sometimes referred to as the ceremonial courtroom with its unusually large size.

The witness subpoenas submitted for issuance below are the first group of subpoenas being requested as counsel researches officials within organizations and companies, tries to find addresses, and plans what topics counsel would ask and documents to reasonably request. Therefore, counsel expects to submit further witness subpoenas.

The Court is asked to consider that not all attempts to subpoena a witness are always successful and attempts to bring witnesses may need to be redundant to meet requirements. The Court should not assume the worst about the length of a trial based on possibly redundant

attempts to secure witnesses.

Although there is doubt that the requirements of *United States v. Tuohy* apply to a criminal prosecution, counsel will advise relevant government agencies that the testimony of government agencies is sought.  As always, heads of organizations may negotiate to substitute appropriate subordinates if feasible.

The Court is politely reminded that the Court is expecting to try a group of nine (9) Defendants in *Thomas v. Caldwell* as a group, all of them alleged to be members of the Oath Keepers and similarly situated to a very significant extent, and these witnesses are likely to be probative for most or all of the Defendants because the Oath Keepers all came to Washington, D.C. for the same reason – to volunteer as security and VIP escort services (protective details) at 100% peaceful rallies and demonstrations protected by the First Amendment.

The Court is reminded that none of these Defendants are credibly accused of committing any violence on January 5 or 6, 2021, assaulting any police officers, interfering with any law enforcement, or damaging any property.

Instead, these Defendants are accused at a high level of abstraction, several steps removed, from what other people actually did.  They are being falsely accused without factual basis of encouraging, aiding and abetting, or conspiring to do what they themselves did not do, and are not accused of doing, but what other people did.

Therefore, the case is entirely about intent, *mens rea*, and indirect influences.

As revealed on December 1, 2021, the FBI interview notes of Person 10, whom the government admits was the leader of all events in Washington, D.C., on January 5-6, 2021, for the Oath Keepers under Person One, the Government has always known that its allegations against these Defendants are false.

Therefore, witnesses are required including Person One and Person Ten to (a) prove a negative and (b) prove that the Oath Keeper Defendants had no plan, no intent, no *mens rea*, no conspiracy to interfere in any way with the official proceeding of the Joint Session of Congress convened to hear disputes about Electoral College votes for President and Vice President on January 6, 2021.

Witnesses are required to prove that the Oath Keeper Defendants were tasked with escorting VIPS such as Ali Alexander and Alex Jones from the Ellipse park area near the White House and Washington Monument to the area called Lot 8 at which the U.S. Capitol Police had issued a permit for a demonstration to be held on the U.S. Capitol Grounds on January 6, 2021, along with five (5) other demonstration permits that the U.S.C.P. issued for January 6, 2021, for a total of six (6) demonstration permits for events to be held on the U.S. Capitol Grounds on January 6, 2021.  Although Oath Keepers apparently got separated on the walk from the Ellipse to the Capitol and the Lot 8 demonstration was overtaken by events and did not take place, witnesses will prove that the Otah Keeper Defendants went to the U.S. Capitol building for reasons entirely unrelated to what they are accused of and that they had no *mens rea* or intent or plan with regard to leaving the office of Presidency vacant and making Nancy Pelosi President by stopping the certification of the Electoral College votes.

Witnesses are required to show that the Defendants were authorized to enter and be on the Capitol Grounds as support services for the permitted demonstrations.

Witnesses are required to show that none of these Defendants were among those few who sadly lowered themselves and committed violence against law enforcement and damaged property.  Witnesses are required to show that different people did different things on January 6, 2021, and it is the Salem Witch Trial or World War II Japanese internment cases to assume that

everyone present on January 6, 2021, did exactly the same things.

Witnesses are also required such as from WMAL radio to show that Donald Trump's speech from the White House park area known as the Ellipse was not played on the radio in Washington, D.Cand was not audible to the crowds of demonstrators because the cell phone system of Washington, D.C. was overloaded and jammed and largely inaccessible.  This further undermines the credibility of claims of a conspiracy.[1]  The prosecution is encouraged to stipulate to the facts that almost none of the January 6, 2021, demonstrators could hear Donald Trump's speeches or communicate with each other because local D.C. radio did not broadcast Trump's speeches and the cell network was overloaded, without the need for witnesses to appear. However, in counsel's experience no one stipulates until witnesses are secured and ready to testify in the absence of stipulations.

Dated:  January 3, 2022          RESPECTFULLY SUBMITTED
                                 KELLY MEGGS, *By Counsel*

Jonathon A. Moseley, Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
        Telephone:  (703) 656-1230

---

[1]  Sascha Segan, "**Why Cell Networks Cut Out at the US Capitol Riot**:  *As the mob descended on the US Capitol complex yesterday, did law enforcement jam cell signals to thwart communication? No, the networks were probably just overwhelmed. Here's why.*" PC Mag, January 7, 2021, accessible at:  **https://www.pcmag.com/opinions/why-cell-networks-cut-out-at-the-us-capitol-riot**

Contact@JonMoseley.com
Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
**jeffrey.nestler@usdoj.gov**

**Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928
(202) 305-8537 (fax)
**kathryn.rakoczy@usdoj.gov**

**Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
202-353-3909
**justin.sher@usdoj.gov**

**Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
**troy.edwards@usdoj.gov**

**Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004

202-353-0023
**Alexandra.Hughes@usdoj.gov**

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
**louis.manzo@usdoj.gov**

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530
202-252-7097
**ahmed.baset@usdoj.gov**

_/s/ Jonathon Moseley_
Jonathon Moseley, Esq.