**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos.   1:21-cr-28-8 (APM) |
| | ) |         1:22-cr-15-2 (APM) |
| KELLY MEGGS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUBPOENAS**

The government opposes in part Defendant Kelly Meggs's request for issuance of first group of trial subpoenas (filed as ECF 568 and 570 in case 21-cr-28-8 (APM)).  The government opposes the request for subpoenas duces tecum to law enforcement personnel, including members of the U.S. Capitol Police (Officer Harry Dunn, Inspector Jason Bell, Lieutenant Scott Grossi, Chief Steven Sund, Chief Thomas Manger) and FBI (Special Agent Whitney Drew), for the same reasons the government provided in its opposition to Kelly Meggs's motion for issuance of a subpoena duces tecum to the U.S. Capitol Police (ECF 538).

The Court denied that earlier motion, holding that "Defendant's request that the court issue a subpoena to the U.S. Capitol Police is denied because he has failed to show that the requested records are 'not otherwise procurable reasonably in advance of trial by exercise of due diligence.'" Dec. 23, 2021 Order (ECF 656) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). The same holds true here for the requests to issue subpoenas duces tecum to the U.S. Capitol Police and FBI.

In addition to the six proposed subpoenas duces tecum to law enforcement personnel, Defendant Kelly Meggs is also apparently seeking subpoenas for trial testimony to the same six witnesses.  Though Meggs's attorney never consulted with the government on this point, the government was intending to call Capitol Police Officer Harry Dunn as a trial witness for the

government and to make FBI Special Agent Whitney Drew, who is one of the case agents, available to testify if necessary.  While Federal Rule of Criminal Procedure 17(b) requires the issuance of subpoenas for witnesses to testify on the defendant's behalf, "this rule also gives the judge the discretion not to subpoena such witnesses, if their evidence would merely be cumulative or if the accused's contention is so devoid of merit that the testimony would waste the court's time." *United States v. Bailey*, 675 F.2d 1292, 1297 (D.C. Cir. 1982).  Moreover, while the motion (at 2) indicates that Meggs's attorney will comply with the applicable *Touhy* regulations and "advise relevant government agencies that the testimony of government agencies is sought," the government understands that the Capitol Police's general counsel has not heard from Meggs's attorney.  And Meggs's attorney has not complied with the Department of Justice's *Touhy* regulation.  *See* 28 C.F.R. § 16.23(c) ("If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.").

In addition to the six proposed subpoenas to law enforcement personnel, Defendant Meggs has asked for two subpoenas to press representatives (John Matthews of Radio License Holdings LLC and Luke Mogelson of *The New Yorker* magazine), a subpoena to the Architect of the Capitol, three subpoenas to other witnesses (Stewart Rhodes, Ray Epps, and John Earle Sullivan), and two (apparently identical) subpoenas to Andrew Smrecek of Combat Art Training LLC.[1]  Each of these subpoenas apparently seeks both documents and testimony.

The government takes no position on these additional subpoena requests, but makes the following observations:

---

[1] Defendant Kelly Meggs filed a supplement (ECF 570) purporting to withdraw his request for a subpoena to Alex Jones, but the motion did not request a subpoena to Mr. Jones.

First, while the motion seeks a subpoena to Stewart Rhodes, Mr. Moseley has suggested that he represents Mr. Rhodes, both before the House of Representatives Select Committee to Investigate the January 6th Attack on the U.S. Capitol, *see* Kyle Cheney et al., *Prosecutors charge Oath Keepers leader, 10 others with seditious conspiracy*, Politico (Jan. 13, 2022), *available at* https://www.politico.com/news/2022/01/13/head-of-far-right-oath-keepers-10-others-charged-with-seditious-conspiracy-in-capitol-riot-probe-527042; and in connection with his representation of the Oath Keepers organization in a civil suit pending before this Court, *see* Defendant Oath Keepers' Motion to Clarify in *Thompson v. Trump*, case 21-cv-400-APM (ECF 54, Jan. 8, 2022). His requested subpoena to Mr. Rhodes (now a co-defendant in case 22-cr-15) may therefore pose a conflict.

Second, in the course of both this particular case and/or the larger Capitol Breach investigation, the government has obtained certain records from or about Stewart Rhodes, Ray Epps, and/or John Earle Sullivan. The government has produced some of those materials in discovery in this case and intends to produce the remainder in connection with global discovery. In addition, Mr. Sullivan is being prosecuted in case 21-cr-78-EGS for his role related to the events of January 6.

Third, while of course the government does not know the details of the defense theory of the case, the motion suggests that the defense will attempt to argue that *other rioters'* planning, coordination, and/or violence somehow negates Defendant Meggs's *mens rea* or criminal exposure. The government disagrees and would oppose any effort for the defense to introduce such evidence at trial. Thus, to the extent that is the purpose of Defendant Meggs's subpoenas, it is possible that the subpoenas do not comply with Rule 17(c). *See Nixon*, 418 U.S. at 699 (holding that documents sought by a subpoena must, among other factors, be "evidentiary and relevant") (footnote omitted).

**WHEREFORE**, the United States respectfully requests that this Court deny the motion to

issue subpoena duces tecum to members of the U.S. Capitol Police and FBI.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   /s/

Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530


/s/

Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004